UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NICO WILLER,

                      Plaintiff,

- against -

C.O. VERAND BAIJNAUTH and THE CITY
OF NEW YORK,

                      Defendants.
------------------------------------------------------------X

09 CV 9214 (LAK)

AMENDED
COMPLAINT AND
JURY TRIAL DEMAND

Plaintiff, NICO WILLER, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourteenth amendment to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4. Plaintiff, invoking the pendent jurisdiction of this Court, also seeks compensatory and punitive damages for negligence.

## VENUE

5. Venue is properly alleged in the Southern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, NICO WILLER, was and is a natural person, resident in the County of Bronx, City and State of New York.

8. At all times relevant hereto, defendant C.O. VERAND BAIJNAUTH (hereinafter " BAIJNAUTH ") was and is a natural person, employed as a correction officer by the Correction Department of defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

10. On or about September 4, 2008, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

11. More than thirty (30) days have elapsed since the aforesaid verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

12. This action is commenced within one year and ninety days from the date the pendent claims herein accrued.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANT BAIJNAUTH
### (42 U.S.C. §1983)

13. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "12" hereinabove as if more fully set forth at length herein.

14. On or about August 8, 2008, and for a period of time prior thereto, plaintiff was an inmate housed in Quad 6 Lower in the Anna M. Kross Center, which is located on Rikers Island in the County of Bronx, City and State of New York.

15. Defendant BAIJNAUTH was working as the "B" officer on the 3:00 P.M. to 11:00 P.M. tour in Quad 6 and 8 Lower in the Anna M. Kross Center on August 8, 2008.

16. A number of members of the Bloods gang were housed in the same housing area as plaintiff during the aforementioned time period.

17. On or about August 8, 2008, at approximately 8:00 P.M., a member of the Bloods housed in plaintiff's area asked plaintiff to assault another inmate.

18. Plaintiff did not comply with the aforementioned request.

19. Rather, plaintiff warned the other inmate to "watch his back."

20. Plaintiff overheard an inmate whom plaintiff believed to be a member of the Bloods ask defendant BAIJNAUTH to open up an empty cell, namely cell 31, so that the Bloods could use it as a place for assaulting the aforementioned other inmate.

21. Upon information and belief, defendant BAIJNAUTH had permitted empty cells to be used for such a purpose on one or more prior occasions.

22. Defendant BAIJNAUTH noticed that plaintiff had overheard the request that he open cell 31.

23. Consequently, defendant BAIJNAUTH told the gang member who had made the request that the cell be opened that he would not do so.

24. Plaintiff now went into his own cell, number 4, to urinate.

25. As plaintiff stood with his back to the entrance to his cell, he was jumped from behind, knocked down and kicked several times by Bloods gang members.

26. Fearing for his safety, plaintiff falsely reported his injuries as having occurred from a slip and fall.

27. However, after being questioned by superior correction officers, plaintiff told a captain how he had really come to be injured.

28. Defendant BAIJNAUTH violated plaintiff's right to the due process of law guaranteed to him by the fourteenth amendment to the Constitution of the United States in that, acting under color of state law, he conspired with incarcerated members of a gang to permit plaintiff to be physically harmed and purposely and intentionally failed and refused to provide plaintiff with the protection and security that he is entitled to as an inmate in a jail.

29. Because of the aforesaid acts committed by defendant BAIJNAUTH, plaintiff suffered a deprivation of the right to the due process of law guaranteed to him by the fourteenth amendment to the Constitution of the United States and, as a result, suffered and continues to suffer serious and permanent physical injuries; was rendered sick, sore, lame and disabled; and required, and will continue to require, treatment for his injuries.

30. By reason of the aforementioned unconstitutional and illegal actions taken against him by defendant BAIJNAUTH, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT BAIJNAUTH AND <u>THE CITY OF NEW YORK</u>
### (Negligence)

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "30" hereinabove as if more fully set forth at length herein.

32. On or about August 8, 2008, at approximately 9:45 P.M., in Quad 6 Lower of the Anna M. Kross Center, which is located on Rikers Island in the County of Bronx, City and State of New York, plaintiff, an inmate in the aforementioned facility, was attacked and beaten by other inmates.

33. The aforesaid attack on plaintiff took place because of the negligent, careless and reckless failure of defendant BAIJNAUTH, a correction officer assigned to the aforementioned area, to exercise reasonable care in protecting plaintiff, an inmate under his supervision and control.

34. At the aforesaid time and place, defendant BAIJNAUTH was an employee of defendant CITY OF NEW YORK and was acting within the scope of his employment by defendant CITY OF NEW YORK.

35. By reason of the aforesaid negligence, carelessness and recklessness of defendant BAIJNAUTH, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff suffered and continues to suffer serious and permanent physical injuries; was rendered sick, sore, lame and disabled; and required, and will continue to require, treatment for his injuries.

36. As a result of the negligence, carelessness and recklessness of defendant BAIJNAUTH, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and seeks an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant BAIJNAUTH.

WHEREFORE, plaintiff, NICO WILLER, demands judgment against defendants, C.O. VERAND BAIJNAUTH and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages;

SECOND CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant BAIJNAUTH.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
January 27, 2010

*Alan D. L.*

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
File No: 2118